FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 NOV 30  AM 4: 20

LORETTA G. WHYTE
CLERK



# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHARLES LAMBERT** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 04-3264** |
| **N. BURL CAIN, WARDEN** | * | **SECTION: "I"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the reasons set forth below, it is recommended that the instant petition be **DENIED WITH PREJUDICE as time-barred**.

## Procedural History

Petitioner Charles Lambert is a state prisoner currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.  On July 27, 1998, petitioner was convicted by a jury of second degree murder, a violation of La. R.S. 14:30.1. Petitioner was

Fee____
Process____
_X_ Dktd____
CtRmDep____
Doc. No ____

sentenced on August 21, 1998, to life imprisonment at hard labor in the custody of the Louisiana Department of Corrections without benefit of probation, parole or suspension of sentence.[1] On February 14, 2000, petitioner directly appealed his conviction to the Louisiana Court of Appeal, Fourth Circuit.[2] The Fourth Circuit affirmed petitioner's conviction and sentence on February 7, 2001.[3] Counsel for petitioner filed an application for a writ of certiorari in the Louisiana Supreme Court on March 12, 2001.[4] The writ of certiorari was denied on March 22, 2002.[5]

Petitioner filed an application for post conviction relief (PCR) in the state district court on January 16, 2003. The PCR was denied on February 19, 2003. The district court said: ... "all claims raised by the defendant were either indirectly addressed by the Court of Appeal or are not supported by the record."[6] Petitioner filed supervisory writs in the

---

[1]See State Record, Vol. 1 of 4, Docket Master, page 2, entries dated, 7/27/1998 and 8/21/1998; **State v. Lambert,** No. 390-583 "H", Orleans Parish Criminal District Court, State of Louisiana.

[2]See State Record, Vol. 2 of 4, for copy of appellant's original brief filed Feb. 14, 2000.

[3]See State Record, Vol. 1 of 4, for copy of unpublished opinion. **State v. Lambert,** No. 2000-KA-0129, 786 So.2d 982, Table (La. App. 4th Cir. Feb. 7, 2001).

[4]See State Record, Vol. 4 of 4, for a copy of the application for a writ of certiorari. **State v. Lambert,** No. 01-K-0663 (filed Mar. 12, 2001).

[5]**State v. Lambert**, No. 2001-K-0663, 811 So. 923 (La. Mar. 22, 2002). See State Record, Vol. 4 of 4 for copy of ruling.

[6]See State Record, Vol. 1 of 4, Judgment dated February 19, 2003.

2

Louisiana Court of Appeal, Fourth Circuit on March 24, 2003.[7] The writ was denied on

April 30, 2003,[8] and the court said: "This Court finds no error in the judgment of the district

court denying relator's application for post conviction relief." Petitioner filed for review in

the Louisiana Supreme Court on June 12, 2003 (the meter stamped date).[9] However,

petitioner signed his application on May 29, 2003. The writ was denied on May 14, 2004.[10]

On October 22, 2004, petitioner filed the subject federal application for habeas

corpus relief.[11] Therein, petitioner raises the claims that (1) he received ineffective assistance

---

[7]See State Record, Vol. 3 of 4, for copy of application for writs filed March 24, 2003. **State v Lambert,** No. 2003-K-0569 (La. App. 4th Cir.).

[8]**Ibid,** Copy of Ruling, **State v. Lambert,** No. 2003-K-0569 (La. App. 4th Cir. Apr. 30, 2003).

[9]See State Record, Vol. 4 of 4, for copy of application for writ of review. **State v. Lambert,** No. 03-KH-1687.

[10]See State Record, Vol. 4 of 4, for copy of ruling. **State ex rel. Charles Lambert v. State of Louisiana,** No. 2003-KH-1687, 872 So.2d 515 (La. May 14, 2004).

[11]*See* Federal Record, Doc. # 3. This October 22, 2004, filing date was ascertained via the Court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting pro se is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. **Cooper v. Brookshire,** 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition, in this case, October 22, 2004, is presumed to be the date he delivered it to prison officials for mailing. *See* **Colarte v. LeBlanc,** 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); **Magee v. Cain,** 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); **Punch v. State,** 1999 WL 56279, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

of counsel, and (2) the evidence was insufficient to support the conviction.  The State filed its response to the habeas corpus petition on April 13, 2005,[12] therein conceding that petitioner had exhausted his claims in the Louisiana Supreme Court.  However, the State argues that petitioner's application should be dismissed/denied with prejudice as untimely filed.  The State did not address the merits of petitioner's claims.

## Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his *habeas corpus* claims pursuant to Title 28, United States Code, Section 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[13]   *See* Title 28, United States Code, Section 2244(d)(1) (West 2005).  In this case, Lambert's conviction became final under state law on April 5, 2002, fourteen days after March 22, 2002, the date the Louisiana Supreme Court denied his request for a writ of certiorari.[14]   However, the later date for Lambert's limitations period to commence would be 90 days thereafter as that is the date when he could no longer seek

---

[12]See Federal Record, Doc. #11.

[13]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996.  **Lindh v. Murphy**, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

[14]*See* La. C.Cr. P. art. 922.  The State concedes that petitioner timely filed his application for writ of certiorari to the Louisiana Supreme Court. See Federal Record, Doc. 11 at p. 4.

review of the highest state court's decision with the U.S. Supreme Court. *See* Sup. Ct. R 13(1); **Giesberg v. Cockrell**, 288F.3d 268, 270 (5th Cir.), cert. denied, 537 U.S. 1072, 123 S.Ct. 663, 154 L.Ed.2d 566 (2002); **Ott v. Johnson**, 192 F.3d 510, 513 (5th Cir. 1999), cert. denied, 529 U.S. 1099, 120 S.Ct. 1834, 146 L.Ed.2d 777 (2000). Accordingly, the court finds that Lambert's one year limitation period commenced to run on June 21, 2002[15]. Petitioner therefore had until June 21, 2003, to file his federal habeas petition but failed to file until October 22, 2004. As a result, his federal habeas petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted as set forth in Title 28, United States Code, Section 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

Petitioner filed his first post-conviction relief application (PCR) in the state court on January 16, 2003, thereby allowing **208** days of his one year limitation period to lapse after his conviction became final on June 20, 2002. The PCR was denied on February 19, 2003, and petitioner applied for review in the Louisiana Fourth Circuit on March 24, 2003, thirty two days after the trial court's ruling. Since this filing was beyond the 30 day

---

[15]The State's calculation did not include the 90 day deadline for U.S. Supreme Court review from the date of finality of the judgment.

state imposed deadline for seeking review, see Louisiana Courts of Appeal Uniform Rule 4-3, it ceased to be pending as of March 22, 2003. **Melancon v. Kaylo**, 259 F.3d 401, 406 (5th Cir. 2001). Thus, two additional days ran against petitioner for a total of **210** days. The Fourth Circuit denied relief on April 30, 2003, and petitioner had until May 30, 2003 to seek review from the Louisiana Supreme Court. Petitioner, however, *untimely* filed for relief in the Louisiana Supreme Court on June 12, 2003. See La. S. Ct. R. X§5(a) which provides for a period of thirty days within which to seek review of the decision of the intermediate appellate court.  Under federal habeas corpus law, this untimely filing cannot be considered in the tolling calculation under the AEDPA for the following reasons.

The United States Fifth Circuit Court of Appeals has held that a writ application to the Louisiana Supreme Court which fails to comply with La. S. Ct. R. X§5(a) is *not* properly filed because it is untimely, and post-conviction review is *not* pending for purposes of AEDPA's statute of limitations and tolling doctrines. **Williams v. Cain,** 217 F.3d 303, 309-11 (5th Cir. 2000).  Therefore, Lambert cannot benefit from any tolling as a result of his improperly filed and untimely writ application in the Louisiana Supreme Court.[16] Without receiving "tolled" time for the filing with the Louisiana Supreme Court, Lambert had an additional lapse of **509** days (between the May 30, 2003 filing deadline to the

---

[16]Although the State responded that petitioner's writ to the Louisiana Supreme Court was untimely filed, no consideration was given by the State to the effect of that untimely filing based upon the decision in **Williams**, 217 F.3d at 309-311.

Louisiana Supreme Court and the filing date of Lambert's federal habeas petition on October 22, 2004), which is **354** days past the one year federal deadline. Accordingly, petitioner's federal habeas corpus petition should be considered time barred, absent a basis for equitably tolling petitioner's prescriptive period:

### Equitable Tolling

Equitable tolling is justified only in "rare and exceptional circumstances." **Fisher v. Johnson,** 174 F.3d 710, 713 (5th Cir. 1999) (quoting **Davis v. Johnson,** 158 F.3d 806 (5th Cir. 1998), cert. denied, 526 U.S. 1074, 119 S.Ct. 1474, 143 L.Ed.2d 558 (1999)). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." **Coleman v. Johnson**, 184 F.3d 398, 402 (5th Cir. 1999) (citing **Rashidi v. Am. President Lines**, 96 F.3d 124, 128 (5th Cir. 1996). The evidence must show that the applicant, though deterred by matters outside his or her control, was nevertheless diligent in his or her pursuit of Section 2254 relief. **Coleman**, 184 F.3d at 403.

Petitioner does not assert a basis for equitable tolling. However, after review of the state record, the court rejects one possible argument that could be made for equity; i.e., that petitioner sought documents in the state courts to support his post-conviction proceedings. On May 10, 2002, petitioner filed a writ application in the Louisiana Court of Appeal, Fourth Circuit No. 2002-K-0925, seeking production of copies of the opening

statements and closing statements rendered during his trial.  The Fourth Circuit denied the writ on June 3, 2002.[17]  Petitioner filed another application for production of documents pertaining to his state trial record in the Fourth Circuit on August 30, 2002.[18]  The Fourth Circuit granted the writ in part on September 23, 2002.[19]  Such motions, however, are not considered "other collateral review" which would entitle a petitioner to statutory tolling under Section 2244(d)(2).  **Osborne v. Boone,** 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999)(Table, Text in Westlaw).  Nor is a petitioner is not entitled to the exceptional remedy of equitable tolling while he waits to gather every scrap of paper that might support his post-conviction claims.  See **Flanagan v. Johnson**, 154 F.3d 196, 199 (5th Cir. 1998); **Brown v. Cain**, 112 F.Supp.2d 585, 587 (E.D.La. 2000)(Berrigan, J.), aff'd., 239 F.3d 365 (5th Cir. 2000)(delay in receiving transcripts does not warrant tolling unless petitioner can prove that he had to have transcripts to proceed); **Gerrets v. Futrell**, 2002 WL 63541 (E.D.La.Jan.16, 2002)(Vance, J.); **Jones v. Johnson**, 2001 WL 1006062 at *3 (N.D. Tex Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts);

---

[17]See State Record, Vol. 3 of 4, for copy of ruling.  **State v. Lambert,** 2002-K-0925 (La. 4th Cir. June 3, 2002).

[18]See State Record, Vol. 3 of 4, for a copy of Application No. 2002-K-1771.

[19]See State Record, Vol. 3 of 4, for copy of ruling.  **State v. Lambert**, No. 2002-K-1771, (La. App. 4th Cir. Sept. 23, 2002).

**Grayson v. Grayson,**185 F.Supp.2d 747, 751-52 (E.D. Mich. 2002)(delay in receiving transcript not specifically required to file application does not warrant equitable tolling).

Therefore, petitioner is not entitled to equitable tolling during the period his writ applications for production of documents were pending. As Lambert's federal habeas petition is untimely filed, his claims are barred from federal review.

Accordingly,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Charles Lambert's application for federal habeas corpus relief pursuant to Title 28, United States Code, Section 2254 be **DENIED**. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. **Douglass v. United Services Auto. Ass'n**, 79 F. 3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this __29th__ day of __November__, 2005.

LOUIS MOORE, JR.
United States Magistrate Judge

9